[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-13839
Non-Argument Calendar
_____

Agency No. A077 798 984

JORGE MANZANARES-SALDANA,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(April 28, 2016)

Before TJOFLAT, ROSENBAUM, and JILL PRYOR, Circuit Judges.

PER CURIAM:

Jorge Manzanares-Saldana seeks review of the Board of Immigration

Appeals's ("BIA") final order affirming the Immigration Judge's ("IJ") denial of

his application for withholding of removal under the Immigration and Nationality Act ("INA").[1]  *See* 8 U.S.C. § 1231(b)(3).  Manzanares-Saldana argues that he was persecuted and targeted as a member of a cognizable social group because members of his family and their neighbors had been kidnapped, killed, or extorted by a gang.  He contends that his family meets the definition of a protected "social group" because membership in his family is immutable.  Additionally, he argues that he is also a part of a cognizable group of native Mexicans who are singled out and preyed upon after returning to Mexico from the United States.  After careful review, we deny the petition for review.

We review the BIA's decision as the final judgment, unless the BIA expressly adopted the IJ's decision.  *Ruiz v. Gonzales*, 479 F.3d 762, 765 (11th Cir. 2007).  Because the BIA issued its own opinion in this case, we review the BIA's opinion only.  *Id*.  We lack jurisdiction to consider claims raised in a petition for review unless the petitioner has exhausted his administrative remedies by raising those claims before the BIA.  *Amaya-Artunduaga v. U.S. Att'y Gen.*, 463 F.3d 1247, 1250-51 (11th Cir. 2006).

We review the BIA's legal conclusions, including its determination of whether a group qualifies as a particular social group under the INA, *de novo.*

---

[1] Manzanares-Saldana also sought withholding of removal under the Convention Against Torture ("CAT"), 8 C.F.R. § 1208.16.  He does not challenge the denial of CAT relief in his brief to this Court, though, so we do not address his CAT claim.  *See Kazemzadeh v. U.S. Att'y Gen.*, 577 F.3d 1341, 1352 (11th Cir. 2009) (deeming abandoned petitioner's CAT claim to which petitioner's brief made only a "passing reference").

2

*Kazemzadeh v. U.S. Att'y Gen.*, 577 F.3d 1341, 1350 (11th Cir. 2009). The BIA's determination that a petitioner is ineligible for asylum or withholding of removal is reviewed under the substantial-evidence test, and we must affirm the decision "if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Al Najjar v. Ashcroft*, 257 F.3d 1262, 1283-84 (11th Cir. 2001) (internal quotation marks omitted).

To qualify for withholding of removal, an applicant must establish that his life or freedom would be threatened in his country of origin because of his race, religion, nationality, membership in a particular social group, or political opinion. *See* 8 U.S.C. § 1231(b)(3)(A). The applicant must demonstrate that he would "more likely than not" be persecuted based upon a protected ground, such as membership in a particular social group, upon being returned to his home country. *Tan v. U.S. Att'y Gen.*, 446 F.3d 1369, 1375 (11th Cir. 2006).

Congress has not defined what constitutes a "particular social group" under the INA, but in *Castillo-Arias v. U.S. Attorney General*, we approved the BIA's definition of the term as a group of persons who share a common characteristic that is either immutable or fundamental to its members' individual identities or consciences. 446 F.3d 1190, 1196-97 (11th Cir. 2006). Furthermore, the group must have sufficient "social visibility" but must not be "too numerous or inchoate."

3

*Id.* at 1197-98.  Significantly, "[t]he risk of persecution alone does not create a particular social group within the meaning of the INA."  *Id.* at 1198.

In *Castillo-Arias*, we affirmed the BIA's determination that noncriminal informants working against cartels were not a particular social group, in part because no evidence revealed that the cartels would treat the informants any differently from other persons the cartels perceived to have interfered with their activities.  *Id.*  Furthermore, virtually the entire population of the country was subject to persecution by the cartels, and risk of persecution alone does not create a particular social group within the meaning of the INA.  *Id.*  Relying on *Castillo-Arias*, we held in *Cendejas Rodriguez v. U.S. Attorney General* that a proposed family-member group did not constitute a particular social group, noting that the defining attribute of the group was persecution by a drug-trafficking organization. 735 F.3d 1302, 1310 (11th Cir. 2013).

Here, the BIA did not err in determining that Manzanares-Saldana's proposed group, to the extent one was identified with particularity, did not constitute a particular social group under the INA.[2]  Like the proposed social group in *Cendejas Rodriguez*, Manzanares-Saldana's proposed family-member group's defining attribute is its persecution by the criminal gangs, and "the risk of

---

[2] In fact, Manzanares-Saldana's attorney seemed to concede this point in closing argument at the merits hearing: "I do understand case law in this circuit and I do believe that my client doesn't really fit in any particular social group."

4

persecution alone does not create a particular social group." *Cendejas Rodriguez*, 735 F.3d at 1310 (quoting *Castillo-Arias*, 446 F.3d at 1198).   Manzanares-Saldana's alternative argument—that he qualifies as a member of a social group of returnees from the United States—is unexhausted because he did not raise it before the BIA, so we lack jurisdiction to review it.  *See Amaya-Artunduaga*, 463 F.3d at 1250.

Furthermore, the record supports the BIA's determination that Manzanares-Saldana failed to show that the harm he feared from the criminal gangs arose from his membership in a particular social group.  "[E]vidence that either is consistent with acts of private violence or the petitioner's failure to cooperate with guerillas, or that merely shows that a person has been the victim of criminal activity, does not constitute evidence of persecution based on a statutorily protected ground." *Ruiz v. U.S. Att'y Gen.*, 440 F.3d 1247, 1258 (11th Cir. 2006).   Manzanares-Saldana's evidence reflects that the extorters were motivated by financial reasons and that members of his family were beaten or killed for failure to comply with the extorter's demands.  While we can understand Manzanares-Saldana's concerns, the evidence simply does not reflect persecution based on a *statutorily protected* ground.  *See id.*   Accordingly, substantial evidence supports the BIA's decision that Manzanares-Saldana failed to establish a nexus between his membership in a particular social group and the harm he feared in Mexico.

For these reasons, we must deny Manzanares-Saldana's petition for review.

**PETITION DENIED.**